# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

### HELENA DIVISION

_____

| | |
|---|---|
| ANTHEL BROWN, | Cause No.  CV 08-061-H-DWM-RKS |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS |
| MIKE FERRITER, MIKE MAHONEY, TOM WOOD, MARK LOCHRIE, LYNN FOSTER AND THE MONTANA STATE PRISON, et. al., | |
| Defendants. | |

_____

Plaintiff is a prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  (Document 7).  After conducting an initial prescreen of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915A, the Court determined Plaintiff's allegations failed to state a claim upon which relief could be granted but provided him an opportunity to file an Amended Complaint.  Plaintiff filed an Amended Complaint but failed to correct the deficiencies discussed in the Court's prior Order.  Accordingly, this matter will

be recommended for dismissal.

Plaintiff's Amended Complaint alleges  deprivations of property without due process of law and retaliation in violation of both the Montana State Constitution and the United States Constitution.  The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## A.  ANALYSIS

### 1.  Federal Claims for Destruction of Property

As set forth in the Court's prior Order, a state official's unauthorized taking of property under color of state law does not violate the Constitution if the State provides an adequate remedy for the deprivation.  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  Plaintiff's Amended Complaint only confirms his claim is a challenge to Defendants Foster and Lochrie's use of the property policy prior to its implementation date and to their forgery of property documents leading to the destruction of his personal property.  "[A]n unauthorized *intentional* deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available."  *Hudson*, 468 U.S. at 533.  The Court having determined there is a meaningful post-deprivation

remedy in place for Plaintiff's loss, there has been no due process denial and this

claim will be recommended for dismissal.

2. **Retaliation**

In his amended complaint, Plaintiff alleges because he chose to fight the

actions of Defendants Lochrie and Foster, he has been retaliated against by having

all his visitors removed from his visiting list without due process, denied

employment in all prison jobs "in which to supply personal items off the prison

canteen," and stopped from receiving money on his personal account from outside

sources.

Plaintiff was advised in the Court's prior Order that to prove retaliation, a

plaintiff must show defendants took adverse action against him that "would chill

or silence a person of ordinary firmness from future First Amendment activities."

*White v. Lee*, 227 F.3d 1214, 1228 (9th Cir. 2000) (*citing Mendocino Envtl. Ctr. v.

Mendocino County*, 192 F.3d 1283, 1300 (9th Cir. 1999)).  Retaliation is not

established simply by showing adverse activity by defendant after protected

speech; rather, plaintiff must show a nexus between the two. *See Huskey v. City of

San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the

logical fallacy of post hoc, ergo propter hoc, i.e., "after this, therefore because of

this"). *Compare Huskey,* 204 F.3d 893 (summary judgment proper against plaintiff who could only speculate that adverse employment decision was due to his negative comments about his supervisor six or seven months earlier) with

*Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1315-16 (9th Cir. 1989) (evidence of timing and nature of suspensions sufficient to infer retaliatory motive).  "A plaintiff's belief that a defendant acted from an unlawful motive, without evidence supporting that belief, is no more than speculation or unfounded accusation about whether the defendant really did act from an unlawful motive."

*Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001).

Plaintiff was instructed that he needed to specify the acts of retaliation and explain why those acts are believed to be in retaliation for his litigation activities. This he did not do.  In addition, he did not connect any named Defendant with the alleged acts of retaliation as he was instructed to do.

Therefore, this claim will be recommended for dismissal.

### 3. Claims not Raised in Amended Complaint

Plaintiff did not address his equal protection claims or his state law claims in his Amended Complaint.  As Plaintiff was advised in the Court's prior Order, an

amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Therefore, these claims will also be recommended for dismissal.

## B. CONCLUSION

### 1. Leave to Amend

For the reasons set forth above, Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted. The Court has already provided Plaintiff with an opportunity to amend his claims and it provided specific details on the deficiencies of his first complaint. The Court can only assume from Plaintiff's failure to correct those deficiencies, that the defects set forth above could not be cured by the allegation of other facts. As such, Plaintiff's Amended Complaint should be dismissed.

### 2. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

[A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
(A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (9th Cir. 2000).

Plaintiff's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit. Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

### 3. Address Changes

At all times during the pendency of these actions, Plaintiff SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective

date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."

The notice shall contain only information pertaining to the change of address and

its effective date.  The notice shall not include any motions for any other relief.

Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal

of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1.  Plaintiff's Amended Complaint should be **DISMISSED WITH**

**PREJUDICE** for failure to state a claim upon which relief may be granted.

2.  The Clerk of Court should be directed to close this matter and enter

judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  The Clerk of Court should be directed to have the docket reflect that the

Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this

decision would not be taken in good faith.  The record makes plain the instant

Complaint is frivolous as it lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written

objections to these Findings and Recommendations within ten (10) business days

of the date entered as indicated on the Notice of Electronic Filing.  Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 5th day of November, 2009.


*/s/ Keith Strong*
Keith Strong
United States Magistrate Judge