

FILED
DEC 11 2009
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| ANTHEL BROWN, | ) | CV 08-61-H-DWM-RKS |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| MIKE FERRITER, MIKE MAHONEY, | ) | |
| TOM WOOD, MARK LOCHRIE, | ) | |
| LYNN FOSTER and the MONTANA | ) | |
| STATE PRISON, et al. | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Anthel Brown brought this action pursuant to 42 U.S.C. § 1983 alleging deprivations of property without due process of law, and retaliation in violation of both the Montana State Constitution and the United States Constitution. Pursuant to 28 U.S.C. § 636(b), the matter was referred to

1

Magistrate Judge Strong, who issued Findings and Recommendations on November 5, 2009, recommending that Brown's amended complaint be dismissed with prejudice. Brown timely objected to the Findings and Recommendations on November 13, 2009, and is therefore entitled to *de novo* review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). Despite Brown's objections, I agree with Judge Strong's analysis and conclusions. Because the parties are familiar with the factual and procedural background, it will not be restated here.

I

Brown's Amended Complaint alleges that Defendants destroyed his property in violation of Montana State Prison and Department of Corrections' policies. Brown also alleges that Defendants have retaliated against him for challenging Defendants actions concerning his property. Brown claims his ability to receive visitors, get prison jobs and receive money from outside sources have all been negatively impacted.

Judge Strong determined Brown has a meaningful post-deprivation remedy under Montana State law and therefore Brown cannot state a claim for deprivation of property under the Due Process Clause. Hudson v. Palmer, 468 U.S. 517, 533 (1984). Judge Strong also recommended that the retaliation claim be dismissed

2

because Brown failed to specify the acts of retaliation and why those acts are believed to be in retaliation to his litigation activities, and because Brown failed to connect Defendants with the alleged acts. Judge Strong recommends the Amended Complaint be dismissed for failure to state a claim upon which relief may be granted.

## II

### a.

Brown objects to the conclusion that his Amended Complaint fails to state a claim upon which relief may be granted. Brown argues that any deficiency in the Amended Complaint should be overlooked on the grounds that his Original Complaint is "arguable and 'not' frivolous." This Court already reviewed Brown's Original Complaint and found it failed to state a claim for deprivation of property, as well as failed to state a claim for retaliation. This is why Brown was given the chance to file his Amended Complaint. He has failed to correct the deficiencies from his first complaint, and the Court agrees with Judge Strong's finding that Plaintiff's Amended Complaint should be dismissed.

### b.

Brown also objects that any perceived deficiency in his amended complaint is attributable to the fact that he never received the proper instructions or amended

3

complaint form to file his amended complaint. Considering Brown's Amended Complaint was filed on the proper form with the instructions attached, this objection is without merit.

c.

Brown objects that any deficiency in his complaint is due to the fact that he has not been assigned legal counsel. As Judge Strong clearly explained in his prior Findings and Recommendations, a § 1983 claimant has no constitutional right to appointed counsel. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn on other grounds, 154 F.3d 952, 962 (9th Cir. 1998). Nor has Plaintiff shown exceptional circumstances meriting appointment of counsel. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). As such, Plaintiff's objection has no impact on Judge Strong's conclusions.

III

In accordance with the foregoing,

IT IS HEREBY ORDERED that the Findings and Recommendations (dkt # 29) are adopted in full;

IT IS FURTHER ORDERED that Plaintiff's Amended Complaint brought pursuant to 42 U.S.C. § 1983 is DISMISSED WITH PREJUDICE, and the Clerk of Court shall close this matter and enter judgment pursuant to Rule 58 of the

Federal Rules of Civil Procedure;

IT IS FURTHER ORDERED that the docket shall reflect that the Court certifies pursuant to Fed.R.App.P. 24 (a)(3)(A) that any appeal of this decision would not be taken in good faith.

Dated this \_\_11\_\_ day of December, 2009.

Donald W. Molloy, District Judge
United States District Court